# EXHIBIT A

22 de Septiembre de 2005

Facsímile: (614) 442 3181
Teléfono: (614) 442 3100

**24.2.** Para fines legales en Bolivia, las Partes declaran y constituyen la dirección antes indicada como su domicilio legal, con el valor asignado por el Artículo 29, inciso II del Código Civil Boliviano, en el que las diligencias de emplazamiento y notificaciones en procesos civiles o cualquier otra comunicación tendrán lugar con plena validez legal y sin derecho a protesta.

**CLÁUSULA VIGÉSIMA QUINTA.- (Divisibilidad)** Si cualquier cláusula, oración, párrafo, inciso o estipulación del presente Acuerdo fuese judicialmente declarada prohibida, inválida, inejecutable, nula o ilegal, las Partes del presente acuerdan, en la medida permitida por ley, que esto no afectará la validez, legalidad y ejecutoriedad de las demás estipulaciones del presente Acuerdo y las Partes acuerdan que la porción o porciones declaradas prohibidas, inválidas, inejecutables, ilegales o nulas se interpretarán como eliminadas del presente Acuerdo, y el resto del Acuerdo mantendrá el mismo valor y fuerza como si la porción o porciones eliminadas nunca hubiesen sido incluidas en el presente Acuerdo.

**CLÁUSULA VIGÉSIMA SEXTA. (Ausencia de Renuncia)**

**26.1.** La demora en el ejercicio o la omisión de cualquiera de las Partes de ejercitar cualquier derecho o facultad, contenidos en el presente Acuerdo, no operará como una renuncia a los mismos ni impedirá el ejercicio de cualesquiera de sus derechos o facultades. El ejercicio parcial de cualquier derecho no significará la renuncia al ejercicio del mismo en su integridad en el futuro o el ejercicio de cualquier otro derecho legal. La renuncia a cualquier derecho no tendrá efecto a no ser que sea otorgada por escrito.

**26.2.** Los derechos y facultades previstos en el presente Acuerdo son acumulativos y no excluyen ningún otro derecho ni facultad previsto por ley. La afirmación o ejercicio de cualquier derecho o facultad bajo el presente, no evitará la afirmación concurrente de ningún otro derecho o facultad.

**CLÁUSULA VIGÉSIMA SÉPTIMA.- (Modificaciones, Renuncias y Consentimientos).**
Cualquier modificación o renuncia a, o cualquier consentimiento otorgado bajo cualquier cláusula del presente Acuerdo, será necesariamente por escrito, y en el caso de las modificaciones o enmiendas, suscrita por cada una de las Partes del presente Acuerdo.

**CLÁUSULA VIGÉSIMA OCTAVA.- (Costos).**

Todo costo ya sea notarial, impositivo o de registro y todo otro gasto emergente del presente Acuerdo será pagado por SOBOCE.

**CLÁUSULA VIGÉSIMA NOVENA.- (Solución de Controversias).**

**29.1 Arbitraje:** Cualquier controversia, litigio, discrepancia, asunto o demanda que pudiera surgir entre dos o todas las Partes de este Acuerdo con respecto a la existencia,



32

22 de Septiembre de 2005

aplicación, validez, interpretación, cumplimiento o incumplimiento y extinción de este Acuerdo (una "Controversia") que no pudiera ser resuelta mediante negociación directa entre las Partes involucradas en dicha Controversia, será sometida a conciliación y posteriormente a arbitraje internacional para una solución definitiva, con sujeción al reglamento de la Comisión Interamericana de Arbitraje Comercial ("CIAC") y según fuere modificado mediante acuerdo mutuo entre las Partes del Arbitraje (el "Reglamento"). El Arbitraje será administrado por el capítulo nacional de la CIAC en Bolivia, la Cámara Nacional de Comercio de Bolivia (el "Administrador"). En la medida requerida por el contexto y para los fines de esta cláusula, cualquiera de las Partes involucradas en el Arbitraje se denominará "Parte del Arbitraje".

**29.2 Renuncia a Recursos:** Cualesquiera laudos u órdenes emitidos por el Tribunal Arbitral serán finales y de obligatorio cumplimiento para las Partes del Arbitraje que renuncian de manera expresa a todo recurso de anulación, excepción o apelación contra dicho laudo. El laudo arbitral puede ejecutarse en cualquier corte con jurisdicción competente sobre el mismo o sobre las Partes del Arbitraje o sus bienes.

**29.3 Notificación de Arbitraje:** Cualquier notificación de una demanda de arbitraje (una "Notificación de Arbitraje") se notificará al Administrador quién notificará a el/los demandado(s), sometiendo la Controversia a arbitraje con sujeción a esta Cláusula. Cualquier Notificación de Arbitraje que solamente involucre a dos de las Partes del presente Acuerdo se enviará también a las otras Partes, que puede intervenir en el proceso como Parte del Arbitraje o colaboradora en un plazo de veinte (20) días con posterioridad a la recepción de tal notificación. El (los) demandado(s) pueden presentar una contrademanda contra dicha tercera Parte que participa de esta manera, en el mismo procedimiento. En todo caso, el laudo arbitral será vinculante para todas las Partes del Arbitraje.

**29.4 Tribunal Arbitral**

**29.4.1 Número de Árbitros:** El Tribunal Arbitral consistirá de tres árbitros designados con sujeción a la Cláusula 29.4.2, a no ser que en un plazo de veinte (20) días con posterioridad a la recepción de la notificación por parte del demandado, las Partes del Arbitraje hubieran acordado que el Tribunal Arbitral consista solamente de un árbitro, y hubieran acordado con respecto a la identidad de dicho árbitro.

**29.4.2 Designación del Tribunal Arbitral – Tres Árbitros.** Si el Tribunal Arbitral se integrara por tres árbitros, y solamente hay dos Partes en el Arbitraje, cada Parte nombrará un árbitro. El demandante nominará un árbitro a tiempo de entregar la Notificación de Arbitraje. El demandado nominará un árbitro en un plazo de veinte (20) días con posterioridad a la recepción de la notificación correspondiente a la nominación del demandante. Si hay más de dos Partes en el Arbitraje, ya sea como demandantes o demandados, los múltiples demandantes o los múltiples demandados, nominarán de manera conjunta un solo árbitro. Si los múltiples demandantes o los múltiples demandados no pudieran llegar a un acuerdo para el nombramiento del árbitro, el Administrador efectuará prontamente dicha designación. Si cualesquiera de las Partes del Arbitraje (o las múltiples Partes del Arbitraje, según se indica más arriba) no designan un árbitro dentro de dichos plazos, la otra Parte del Arbitraje puede solicitar que el Administrador designe al segundo árbitro. El Administrador efectuará dicha designación prontamente, y podrá ejercer su discreción (con sujeción a la Cláusula 29.4.3 del presente)

33

22 de Septiembre de 2005

para realizar dicha designación. Los dos árbitros designados de esa manera designarán un tercer árbitro quien presidirá el Tribunal Arbitral.

**29.4.3 Procedimiento de Lista:** Si en un plazo de veinte (20) días con posterioridad a la designación del segundo árbitro, los dos árbitros no llegaran a un acuerdo para la designación del árbitro presidente, el Administrador designará oportunamente al árbitro que presidirá el Tribunal Arbitral empleando el siguiente procedimiento basado en una lista, a no ser que (x) todas las Partes del Arbitraje acuerden que el procedimiento basado en una lista no debe ser utilizado o (y) el Administrador determine a su discreción que el uso del procedimiento basado en una lista no es apropiado para el caso:

i) A solicitud de una de las Partes del Arbitraje, el Administrador enviará a las Partes del Arbitraje una lista idéntica conteniendo por lo menos tres nombres;

ii) En un plazo de diez (10) días con posterioridad a la recepción de dicha lista, cada Parte del Arbitraje devolverá la lista al Administrador después de haber borrado el nombre o los nombres objetados y haber numerado el resto de los nombres en la lista en orden de preferencia;

iii) Con posterioridad a la expiración del período indicado anteriormente, el Administrador designará oportunamente al árbitro que presidirá el Tribunal Arbitral de entre los nombres aprobados en las listas devueltas y de acuerdo con el orden de preferencia indicado por las Partes del Arbitraje; disponiéndose, sin embargo, que si no quedasen nombres aprobados en las listas que se le devolvieron, el Administrador designará oportunamente al árbitro que presidirá el Tribunal Arbitral con sujeción al Reglamento.

iv) Al efectuar la designación, el Administrador tendrá en cuenta las consideraciones que hagan posible asegurar la designación de un árbitro independiente e imparcial.

**29.5 Consolidación:** El Arbitro Único tendrá la facultad, a solicitud de una Parte del Arbitraje, de consolidar dos o más arbitrajes iniciados con sujeción a esta Cláusula.

**29.6 Costos del Arbitraje y Representación Legal:** La parte perdidosa cubrirá los costos razonables del arbitraje en relación con cualquier arbitraje llevado a cabo con sujeción a esta Cláusula, incluyendo los costos del arbitraje (es decir comisiones y gastos administrativos, honorarios y gastos de los árbitros), y los honorarios y gastos de la representación legal relativos al proceso de arbitraje.

**29.7 Confidencialidad:** El procedimiento de arbitraje, incluyendo todos los materiales presentados en las audiencias y todas las transcripciones serán confidenciales. Las Partes del Arbitraje no deberán revelar ninguno de estos materiales ni proporcionar información a terceros, excepto en la medida requerida por la Ley Aplicable o con el fin de salvaguardar sus intereses legales.