IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02120-JLK

COMPAÑÍA DE INVERSIONES MERCANTILES S.A.,

    Petitioner-Judgment Creditor,

v.

GRUPO CEMENTOS DE CHIHUAHUA S.A.B. DE C.V., and
GCC LATINOAMÉRICA, S.A. DE C.V.,

    Respondents-Judgment Debtors.

**RESPONDENTS' OPPOSITION TO CIMSA'S MOTION FOR EXTENSION OF TIME TO OPPOSE RESPONDENTS' MOTION TO VACATE THE JUDGMENT**

Respondents Grupo Cementos de Chihuahua, S.A.B. de C.V. ("GCC S.A.B.") and GCC Latinoamérica, S.A. de C.V. ("GCC Latinoamérica," and together "GCC") respectfully oppose Compañía de Inversiones Mercantiles, S.A.'s ("CIMSA") motion for an extension of time to oppose GCC's motion to vacate the judgment.

***

This Court should deny CIMSA's request to triple its briefing time because it fails to show any good cause for an extension and such an extension would be grossly prejudicial to GCC. GCC's motion is only 13 pages long, and CIMSA presents no plausible basis why it needs more than two months to respond to such a motion. The Bolivian courts have stated unequivocally that the arbitral award of damages ("Damages Award") is void. CIMSA's request for time to investigate vague innuendo about irregularities is baseless. Moreover, in the few weeks since the Bolivian courts set aside the Damages Award, CIMSA has registered the judgment in several other jurisdictions. There is every reason to believe that CIMSA will use the additional time it seeks

1

here to continue its attempts to execute on a judgment even though the predicate for the judgment no longer exists. This Court should not allow such gamesmanship, but instead require briefing on the normal schedule to decide the straight-forward issue whether its judgment should be vacated, given that the Bolivian courts have set aside the arbitral award, which is the predicate for this Court's judgment. In the alternative, if this Court grants an extension, it should condition such an extension on CIMSA not engaging in any attempts at enforcement of the judgment until the resolution of GCC's Rule 60(b) motion to vacate the judgment.

1.  CIMSA seeks to extend its time to respond to GCC's motion to vacate from 21 days to 63 days. *Compare* Colo. L. R. 7.1(d) (21 days to file a response to a motion), *with* Mot. at 1 (seeking extension of 42 days). "Motions for extension of time require a showing of good cause, which must be established with particularity." Rule I(f)(1), Memorandum from Judge John L. Kane Regarding Pretrial Procedures and Practices – Civil Case (rev. Dec. 2019).

2.  CIMSA has not shown good cause to triple its response time to respond to GCC's 13-page motion (Dkt. 158), let alone done so with particularity. CIMSA asserts (Mot. ¶ 3) that it will seek an extension to "demonstrate, through expert and fact witnesses" that a decision of Bolivia's "highest constitutional court" (Dkt. 93 at 7) has no legal effect and is invalid. But CIMSA identifies no fact witness that would provide any relevant information. Nor does CIMSA explain why an expert is necessary to understand the plain text of the Bolivian courts' decisions, which state without any ambiguity that the Damages Award has been set aside. *See* Dkt. 158 at 6-7. CIMSA's argument to the contrary rests entirely on the idea that the Bolivian courts are wrong about Bolivian law, but there is no legal basis for this Court or a supposed expert to replace the Bolivian courts as the ultimate authority on Bolivian law. Even assuming an expert were necessary, CIMSA fails to explain why it needs two months, when it has already informed the

2

Court of its ultimate legal conclusion, which it presumably reached after conferring with a Bolivian legal expert. Indeed, CIMSA has been on notice of the Bolivian courts' decisions for several weeks now, and GCC informed CIMSA of its intention to vacate the judgment four days before it filed. *See id.* at 15. Moreover, GCC is willing to accept the local rules' default of only fourteen days to prepare its own reply and any rebuttal expert report. CIMSA thus does not explain with particularity why it needs more than twenty-one days to respond to GCC's motion.

3. CIMSA's other justification for an extension is no more persuasive. It claims to want "time to investigate" why there was a significant lag time between the date the Bolivian court issued its opinion and served it on the parties, and "the circumstances surrounding the Twelfth Judge's November 5 decision." Mot. ¶ 3. CIMSA's choice of word—"investigate"—reveals that it currently has no knowledge that there was anything untoward about either Bolivian decision setting aside the award. CIMSA's false insinuation that GCC knew about the Bolivian court decision's order setting aside the arbitral award yet sat on its rights and did not move to vacate the judgment here (Mot. ¶ 3) is equally absurd. This request for an extension is thus grounded in wild and illogical speculation, not good cause shown with particularity.[1]

4. Finally, granting the extension would severely prejudice GCC. As detailed in GCC's motion, CIMSA began racing around the country to register this Court's judgment in as many jurisdictions as possible as soon as the Bolivian courts set aside the arbitral award. *See* Dkt. 158 at 7-8 (listing registration petitions in the Southern District of New York, the District of

---

[1] In fact, no part of CIMSA's innuendo holds any water. CIMSA hints that the gap between the Bolivian Plurinational Constitutional Tribunal decision being reached and it being released to the parties might be connected to Bolivia's recent elections because, purportedly, CIMSA supported the losing party, and the winning party controls the judiciary. Mot. ¶ 3. It seems extraordinarily unlikely that an obscure arbitral award against a Mexican company would somehow be an election issue.

Montana, and the Western District of Texas). CIMSA has not offered to withdraw these petitions or decline to enter any new ones while GCC's motion to vacate is pending. Instead, it seems that CIMSA intends to make use of an extension here to continue its attempts to execute on the judgment in other courts, even though the basis for that judgment no longer exists.

5. This is extraordinarily inequitable because there is a very strong possibility that GCC will succeed in vacating the judgment. As explained in GCC's motion to vacate, courts "are generally, and correctly, solicitous of a movant seeking relief when a prior [international arbitration] on which the challenged judgment relies has been vacated." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 185 (2d Cir. 2017); *see also* Dkt. 93 at 14 (this Court recognizing that "deference must generally be afforded to the decision of a competent authority in the primary jurisdiction"). It will be difficult, by contrast, for CIMSA to show that the Bolivian court decisions do not mean what they say.

6. For all these reasons, CIMSA has not met its burden of showing good cause with particularity to triple the time to file its opposition brief, and this Court should deny its motion. In the alternative, this Court should condition any extension of time on CIMSA not engaging in any attempts at enforcement of the judgment until the resolution of GCC's Rule 60(b) motion to vacate the judgment.

Dated: November 24, 2020

Respectfully submitted,

| | |
|---|---|
| Daniel Pulecio-Boek<br>GREENBERG TRAURIG LLP<br>2101 L Street, N.W.<br>Suite 1000<br>Washington, DC 20037<br>(202) 331-3117 | */s/ David M. Cooper*<br>David M. Cooper<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br><br>Juan P. Morillo<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN LLP<br>1300 I Street NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000 |

*Counsel for Respondents-Judgment Debtors*